812 So.2d 527 (2002)
Gail WINTHER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1348.
District Court of Appeal of Florida, Fourth District.
March 27, 2002.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
*528 Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
This appeal arises from a sentence entered after a plea of no contest. Appellant was sentenced, pursuant to the Criminal Punishment Code, within the statutory maximum. Nevertheless, appellant argues that the trial court erred in failing to find mitigating circumstances to reduce her sentence. She argues that the issue may be considered by this court either on direct appeal or by way of petition for certiorari. Because it is entirely discretionary with the court as to whether to mitigate a sentence, and because no appeal may be taken from the exercise of judicial discretion in sentencing within the statutory limits, we affirm.
Appellant pled no contest to organized fraud, grand theft, and uttering a forged instrument. At her sentencing hearing, her counsel argued that her substantial medical problems were a legitimate reason for a downward departure and a valid mitigating factor in sentencing. The trial court accepted the evidence submitted by counsel, including letters from doctors regarding her problems. There is no suggestion in the record that appellant was prevented from presenting any mitigating evidence which she desired to submit. When sentencing appellant, the court stated that it had considered appellant's medical condition but determined that it still must punish appellant due to the nature of her crimes, which the court described as a systematic plan to steal from the victims over a lengthy period of time. It then sentenced her to eighteen months in prison followed by two years community control.
On appeal, appellant claims that the trial court erred in failing to consider her medical condition as a mitigating factor. We conclude that this issue may not be raised either by direct appeal or by way of certiorari, as consideration of mitigating circumstances is entirely within the trial court's discretion in sentencing. A criminal defendant may appeal his or her sentence if the sentence is illegal or if the appeal is otherwise permitted by law. See Fla. R.App. P. 9.140(b)(1)(E), (F); § 924.06(1)(d), (e), Fla. Stat. (2000). As this sentence was not illegal, in that it was not beyond the statutory maximum for the crime, there is no appellate issue raised.
For each defendant, the Criminal Punishment Code establishes a "lowest permissible sentence." § 921.0024(2), Fla. Stat. (2000). The code provides that a "court may impose a departure below the lowest permissible sentence based upon circumstances or factors that reasonably justify the mitigation of the sentence." § 921.002(3), Fla. Stat. (2000) (emphasis added). One of those mitigating factors is physical disability which is amenable to treatment. See § 921.0026(2)(d), Fla. Stat. (2000). However, the use of the word "may" shows that the determination of whether to reduce the sentence is discretionary, as is the decision of the proper sentence between the lowest permissible sentence and the statutory maximum. Neither are appealable issues.
Prior to the adoption of sentencing guidelines, which preceded the Criminal Punishment Code, a trial court's sentencing discretion up to the statutory maximum was unreviewable by the court. In Brown v. State, 152 Fla. 853, 13 So.2d 458, 461-62 (1943), the court stated:
the legislature has by statute fixed the maximum punishment which may be imposed for violation of the provisions of the statutes, and, therefore, it is within the province of the trial court to fix by sentence the punishment within the limits *529 prescribed by statute. If in any particular case the sentence and punishment imposed thereunder appears to be excessive, that is a matter which should be presented to the State Board of Pardons for the exercise of its power of commutation and is not a matter for review and remedy by the appellate court.
Again, in Davis v. State, 123 So.2d 703, 707 (Fla.1960), the court stated, "[i]n a long adhered to line of cases, we have held that where a sentence is within the statutory limit, the extent of it cannot be reviewed on appeal regardless of the existence or nonexistence of mitigating circumstances." (Emphasis added). See also Wallace v. State, 299 So.2d 643, 643 (Fla. 1st DCA 1974) (declining to disturb trial court's discretionary sentencing decision within statutory limits). With the adoption of the Criminal Punishment Code, giving the trial court the discretion both to impose any sentence between the lowest permissible sentence and the statutory maximum and to apply mitigating factors to reduce the sentence below the lowest permissible sentence, this line of case law is again relevant to sentencing appeals. Based upon this authority, judicial discretion in sentencing is not appealable.
There are some exceptions to this rule, including a defendant's right to appeal a procedural error in sentencing. See, e.g., I.H. v. State, 584 So.2d 230, 230 (Fla. 5th DCA 1991). A defendant also may appeal the trial judge's consideration of an impermissible factor, such as judicial vindictiveness when a defendant rejects a plea bargain and elects to go to trial. See, e.g., Cavallaro v. State, 647 So.2d 1006, 1006-07 (Fla. 3d DCA 1994). However, those appeals are grounded on constitutional considerations, such as the burden placed on the exercise of the right to trial by jury. See also Peterson v. State, 775 So.2d 376, 379 (Fla. 4th DCA 2000) (noting that a defendant may still appeal constitutional issues in sentencing context, such as vindictiveness).
In this case, the trial court heard evidence of the mitigating factor which appellant wished the court to consider in sentencing. Therefore, there was no procedural error in sentencing. That the court did not find appellant's mitigating circumstance sufficient to reduce the sentence below the lowest permissible sentence is within the court's judicial discretion, which is not subject to appeal. We therefore affirm the judgment and sentence.
FARMER and GROSS, JJ., concur.