849 So.2d 1170 (2003)
Alvin MOUNDS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4093.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
*1171 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
STONE, J.
We deny Mounds' motion for rehearing. However, we withdraw the opinion dated April 9, 2003, and substitute the following, recognizing the subsequent supreme court opinion in Wilson v. State, 845 So.2d 142 (Fla.2003).
Following reversal of Mounds' conviction of trafficking in cocaine, possession of cocaine, and possession of drug paraphernalia, and prior to re-trial on the trafficking charge, the state offered Mounds a plea to five years imprisonment. At that time, the judge commented that if Mounds was found guilty, "most likely this Court will have the same sentence that I imposed before, which is the nine plus years, but the State is offering you five years to resolve the case with credit for time served of 36 months." Following the retrial, Mounds was found guilty and sentenced to 105.25 months. He subsequently filed a motion to correct sentencing errors, alleging the judge's pre-trial comments demonstrated vindictiveness. The motion was denied.
We conclude that the trial court correctly denied Mounds' motion and affirm. It is up to Mounds to demonstrate vindictiveness. Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988). Here, Mounds, although unable to demonstrate vindictiveness on the face of the record, argues that under the facts of this case, a rebuttable presumption of vindictiveness arose which went unrebutted by the state.
When there is judicial participation in plea negotiations, followed by a harsher sentence, the supreme court has adopted a totality of the circumstances approach in determining whether a presumption of vindictiveness arises. Wilson, 845 So.2d at 155. These factors include whether the trial judge initiated the plea discussions with the defendant; whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; the disparity between the plea offer and the ultimate sentence imposed; and the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised *1172 his or her right to a trial or hearing. Id.
Under the totality of the circumstances in this case, a presumption of vindictiveness does not arise. First, it does not appear from the record that the judge initiated the plea dialogue. While the transcript begins with the judge's discussion of the plea offer, there is an indication that a plea dialogue had previously begun due to the judge's mention of the plea offer made by the state. Even assuming that the judge initiated the plea discussion, the court did not urge Mounds to take the plea. Furthermore, the disparity between the offer and the actual sentence, while significant, was not extreme, 105.25 months versus 60 months.
Finally, here, there are facts which point to another explanation for the increase in sentence other than the fact that the defendant exercised his right to a trial. Mounds was being re-tried for an offense for which he had previously been convicted and sentenced to 105.25 months. The sentence imposed after re-trial, although exceeding the plea offer, did not exceed the original sentence. The record reflects that the trial court was merely explaining to Mounds these facts and that the trial court would most likely re-impose the same sentence. This is not indicative of any vindictiveness or of the desire of the judge to sentence Mounds more harshly for going to trial. By its comment, the court simply stated the obvious, thereby providing Mounds with the opportunity to make, and some information that might assist him in making, an informed decision.
This case is, therefore, distinguishable from Wilson, where the supreme court reviewed the conflicting opinions in Byrd v. State, 794 So.2d 671 (Fla. 5th DCA 2001), and Wilson v. State, 792 So.2d 601 (Fla. 4th DCA 2001). In contrast to Mounds, Byrd was urged to accept the plea by the trial judge and the subsequent sentence imposed exceeded the plea offer by forty-five years. Id. at 158. In Wilson's case, the judge commented that he should have accepted the offer, and there was a complete absence of any explanation for the increase in the sentence ultimately imposed. See id. Here, the judge did not push Mounds to accept the offer, and there was a reasonable explanation for the sentence imposed.
Although we conclude that the facts surrounding Mounds' conviction are distinguishable from these surrounding the defendants' conviction in Wilson, we do not accept the state's additional argument that Mounds cannot appeal the sentence because it is within the permitted sentencing guideline range. This court has recognized an exception to this general rule where there is a challenge based on constitutional considerations, such as judicial vindictiveness, for an election to go to trial. See Winther v. State, 812 So.2d 527 (Fla. 4th DCA 2002).
We also find no reversible error or abuse of discretion as to the other issues raised. The conviction and sentence are affirmed.
GROSS and MAY, JJ., concur.