TAYLOR, J.
 

 Jerome Vardaman appeals the revocation of his probation and imposition of sentence. His probation violation charges were based on a new arrest for drug offenses. Because we find no error in the trial court’s denial of appellant’s motion to suppress evidence, we affirm the order revoking appellant’s probation. However, we reverse the thirty-year prison sentences imposed in this case because the totality of circumstances presented an un-rebutted presumption of judicial vindictiveness.
 
 See Wilson v. State,
 
 845 So.2d 142 (Fla.2003).
 

 Appellant originally pled to carjacking with a firearm (Count I), robbery with a firearm (Count II), and resisting arrest without violence (Count IV). On July 31, 2002, he was sentenced as a youthful offender to four years in prison, followed by two years of community control on Count I, a concurrent six-year term of probation on Count II, and time served on Count IV. He violated community control and was reinstated to probation on December 18, 2006. On January 16, 2008, appellant was arrested for possession of cocaine with intent to sell and possession of cannabis.
 

 Following appellant’s arrest on the new drug charges, an affidavit and amended affidavit alleging violation of probation were filed. Appellant filed a motion to suppress, which the court denied after a hearing. The trial court held two status hearings on May 6 and 7, 2008, during which the court extended appellant a plea offer of concurrent eight-year prison terms on Counts I and II, with credit for four years.
 
 [1]
 
 Appellant rejected the offer, although it would have resulted in his serving only an additional four years in prison. On May 8, after a final hearing, the trial court revoked appellant’s probation and sentenced him to concurrent thirty-year prison terms on Counts I and II.
 

 Appellant unsuccessfully sought to vacate the thirty-year prison sentences in a Rule 3.800(b)(2) motion. There, as in this appeal, he argued that the trial court’s involvement in the plea-bargaining process, followed shortly thereafter by an un-rebutted presumptively vindictive sentence, violated due process and constituted reversible error. Appellant asserted that the court gave no reasons for the vast disparity between its plea offer of eight years, with credit for four years, and the actual thirty-year sentences it imposed.
 

 Whether a defendant’s sentence is vindictive is a question of law subject to
 
 de novo
 
 review.
 
 Parker v. State,
 
 977 So.2d 671, 672 (Fla. 4th DCA 2008) (citing
 
 Trot
 
 
 *927
 

 ter v. State,
 
 825 So.2d 362, 365 (Fla.2002)). “When there is judicial participation in plea negotiations, followed by a harsher sentence, the supreme court has adopted a totality of the circumstances approach in determining whether a presumption of vindictiveness arises.”
 
 Mounds v. State,
 
 849 So.2d 1170, 1171 (Fla. 4th DCA 2003) (citing
 
 Wilson,
 
 845 So.2d at 155). It is the defendant’s burden to demonstrate vindictiveness.
 
 Id.
 
 If the defendant meets this burden, a rebuttable presumption of vindictiveness arises, which the state must then rebut.
 

 The Florida Supreme Court explained that “[jjudicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a ‘reasonable likelihood’ that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial.”
 
 Wilson,
 
 845 So.2d at 156. Other factors that should be considered are:
 

 (1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner1
 
 [2]
 
 1;
 

 (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial;
 

 (3) the disparity between the plea offer and the ultimate sentence imposed; and
 

 (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
 

 Id.
 
 (footnotes omitted).
 

 Regarding factors (1) and (2), “if the judge participates in the plea negotiations beyond what is contemplated by
 
 Warner,
 
 or by his or her comments appears to have departed from the role of a neutral arbiter, then these actions alone may give rise to a presumption of judicial vindictiveness that would shift the burden to the State to produce affirmative evidence on the record to dispel the presumption.”
 
 Id.
 
 Generally, the trial judge should not advocate for a plea offer, which may result in the judge losing the status of a neutral arbiter.
 
 Id.
 
 at 156-57. Additionally, “[t]he trial judge must make clear that the sentence is based on what the judge presently has before him or her, and must caution that there is no guarantee that this same sentence will be imposed if the defendant elects to go to trial. Further, if the defendant elects not to accept the offer and the judge later imposes a harsher sentence, the trial judge should consider placing the reasons for the greater sentence on the record.”
 
 Id.
 
 at 157.
 

 In circumstances very similar to those in this case, the Florida Supreme Court found an unrebutted presumption of judicial vindictiveness in
 
 Wilson. Id.
 
 at 158. There, the state alleged that Wilson violated his community control.
 
 Id.
 
 at 146. At the final hearing, Wilson indicated he wanted to enter an open plea and admit to the violation.
 
 Id.
 
 The court offered Wilson 128 months if he pled guilty, but when
 
 *928
 
 Wilson indicated he wanted his fiancée to testify before the court imposed sentence, the court withdrew the offer and said before the hearing, “ ‘And my advice to you was the court’s offer was the bottom of the guidelines and in my opinion you should have taken it.’ ”
 
 Id.
 
 at 146-47, 158. The trial court then imposed a mid-range guideline sentence of 150 months.
 
 Id.
 
 at 147.
 

 In
 
 Wilson,
 
 the court explained that this comment suggested the judge may have departed from his role as a neutral arbiter, and implied the judge had already decided that Wilson would not receive the bottom-guidelines sentence, regardless of what the hearing revealed, resulting in a penalty for exercising his right to a hearing.
 
 Id.
 
 at 158. The court entered the 150-month sentence with no explanation, and the record did not contain any facts to support it.
 
 Id.
 
 The supreme court stated: “In Wilson’s case, it is not simply the increased sentence that gives rise to an unrebutted presumption of vindictiveness. Rather, it is the judge’s comment that Wilson should have accepted the offer, coupled with the increased sentence imposed shortly thereafter, and the absence of any explanation for the increase that give rise to the unre-butted presumption of vindictiveness.”
 
 Id.
 

 Applying
 
 Wilson’s
 
 totality of the circumstances approach in
 
 Mounds,
 
 we held there that the defendant was unable to demonstrate that a rebuttable presumption of vindictiveness arose. We noted that it did not appear from the record that the judge initiated the plea dialogue, and that even if the judge did initiate the plea discussion, the court did not urge the defendant to take the plea. We further found that the disparity between the offer and the actual sentence, though significant, was not extreme — 105.25 months versus 60 months. 849 So.2d at 1172.
 

 In contrast to
 
 Mounds,
 
 here appellant has shown that the totality of the circumstances gave rise to a rebuttable presumption of judicial vindictiveness. Regarding the first factor, the trial judge in this case initiated the plea discussions with appellant at the May 6 hearing.
 

 COURT:
 
 The Court will offer him the bottom
 
 .... [I]f I find that’s a willful, substantial violation of probation at the final hearing, the least you would receive is 99 months Florida State Prison. You understand that?
 

 The second factor was also met. The trial judge, through her comments on the record, appears to have departed from her role as an impartial arbiter by urging appellant to accept the plea offer or by implying that the sentence imposed would hinge on his decision to exercise the right to a final hearing. The court stated:
 

 COURT: Here’[s] my position on that; if he doesn’t want to waive his right to appeal, that’s fine but he’s looking at about what? Forty-five years in prison or something?
 

 STATE: No, he’s looking at about 80 years.
 

 COURT: Eighty years in prison and
 
 I think that I’m being more than generous with
 
 — the State’s not offering.
 
 This is my offer to resolve those cases but if he wants to go ahead and go to final and go to trial in this case.
 

 [[Image here]]
 

 COURT: ... The State, I think, wants you to go to prison for a lot more than four years so it’s up to you with these options.
 
 If you want to appeal the motion to suppress, that’s your right, you know, I have no issue with that but the Court offer is gain time; waiving that and pleading to the other case.
 
 So we’ll put it on for tomorrow for status. You can talk to your family; talk to your lawyer some more. If not, we’ll go forward with the final on Thursday.
 

 [[Image here]]
 

 
 *929
 
 COURT:
 
 I’m offering him 98.85 on the violation and four years on the other case. And he’s got five more minutes to think about it. It’s going to VOP tomorrow and he’s looking at 30 years on one count; 30 years on another count. The YO [youthful offender] count is out the ivindow already and 15 years on the other case. And the State’s not happy with me as it is and it’s not going to get any better than that.
 

 [[Image here]]
 

 COURT: ... I gave you time to think about it. It’s your decision. I understand that but by tomorrow afternoon at 3:00, I’m going to be here. There’s going to be witnesses here and there’s no deal on the table.
 
 The Court did everything that the Court could do to try to give you a break on this case. I don’t know ivhat the facts are going to come out, you know, and I heard the motion to suppress. A carjacking is a horrible crime to commit. You got a break then and it ivas your option but you want to roll the dice and go with the final VOP. That’s your option
 
 and I will see you tomorrow at 3:00.
 

 Similar to the trial judge’s comments in
 
 Wilson,
 
 the judge’s statement in this case that appellant had previously been given a break, and that his decision to have a final hearing on the probation violation charges would amount to “rolling the dice,” implied that he would no longer be treated with leniency and would most likely receive a harsher sentence.
 

 As to the third factor — the disparity between the plea offer and the ultimate sentence imposed — there was a vast disparity between the two sentences. The court initially offered ninety-nine months incarceration, or roughly eight years, with credit for four years, which would have resulted in appellant’s serving only an additional four years. However, the court ultimately imposed concurrent sentences of thirty years, which amounted to twenty-two more years than the original offer.
 

 Finally, the fourth factor' is present: “the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.” Here, the record reflects nothing of significance that transpired between the time the trial court extended the plea offer and the next day when it sentenced the defendant to justify imposing the increased sentences. In sum, the state has failed to rebut the presumption of vindictiveness that arose from the totality of circumstances discussed above.
 

 Accordingly, we reverse the sentences imposed and remand for resentencing by a different judge.
 
 See Wilson,
 
 845 So.2d at 159 (concluding that in cases where an unrebutted presumption of judicial vindictiveness arises, the appropriate remedy is resentencing before a different judge).
 

 Reversed and Remanded for resentenc-ing.
 

 STEVENSON and GERBER, JJ., concur.
 

 [1]
 

 . The plea offer extended by the trial court was a bottom-range guidelines sentence of ninety-nine months in prison, which amounted to about eight years and three months.
 

 [2]
 

 . In
 
 State v. Warner,
 
 762 So.2d 507, 513 (Fla.2000), the Florida Supreme Court clarified that judicial participation in the plea bargaining process is permissible but placed certain restrictions on judicial participation " 'to minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to preserve the public perception of the judge as an impartial dispenser of justice.’"