NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NATHAN CHRISTOPHER FLOYD, )
 )
    Appellant, )
 )
v. ) Case No. 2D14-2596
 )
STATE OF FLORIDA, )
 )
    Appellee. )
 )

Opinion filed February 3, 2016.

Appeal from the Circuit Court for Pasco
County; Pat Siracusa, Judge.

Howard L. Dimmig, II, Public Defender,
and Dane K. Chase, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.

SILBERMAN, Judge.

Nathan Christopher Floyd seeks review of his conviction and life sentence

for sexual battery with a deadly weapon. We affirm Floyd's conviction without comment.

However, because Floyd has established that his sentence was imposed in violation of

his due process rights, we reverse and remand for resentencing.

Floyd was charged with sexual battery with a deadly weapon committed upon one of three local prostitutes he solicited in the fall of 2011. At the time Floyd's attorneys were preparing for trial, Floyd had already been convicted of sexual battery with a deadly weapon upon a second victim and sentenced to twenty years in prison followed by fifteen years of sex offender probation. Floyd's appeal of that judgment and sentence was awaiting resolution in this court. Charges related to a third victim remained pending.

At a pretrial hearing, defense counsel requested a continuance until after Floyd's appeal in the first case was decided. The court was disinclined to continue the case and wondered if there were any chance of Floyd's entering a plea. The court asked the prosecutor, "Okay. If you wanted to resolve the case today, what would you be willing to do for him?" The prosecutor said he had already offered Floyd twenty-five years in prison concurrent with the sentence in the first case.

The court relayed the offer to Floyd and told him how much credit for time served he would get. Defense counsel suggested that Floyd might be amenable to a plea if his appeal was affirmed but said he needed to talk to Floyd and appellate counsel. The court told defense counsel to call appellate counsel right away. The court then addressed Floyd as follows:

> Here's the situation, Mr. Floyd. You have to understand that Target does two-for-one. I don't. If you were convicted of this charge by the jury and it was left up to me to sentence you, I don't generally sentence people to concurrent time. I'm not saying I never do it. But I don't generally do it. So your exposure is pretty dramatic in this matter. And 20 years or 25 years, I agree that's a long time, but you're a young guy. There's a chance you'd walk out of jail. If you got a consecutive sentence, that's an improbable proposition. So it's obviously a serious situation for you. I

presume you to be innocent. If a jury finds you guilty again, though, I'm going to sentence you to what I believe is appropriate. . . .

The court passed the case. When the case was recalled, defense counsel said Floyd planned to go to trial.

The court then heard argument on several motions in limine. Afterward, the court again brought up the State's offer:

I just want to make sure that you understand that when you go out the door, Mr. Floyd, I won't accept that offer on Monday morning. If you came in on Monday morning and said, you know, I had a change of heart and I'd like to resolve this for the 25 years, I'm going to say, you know, I can understand, I get it, but at the same time, I have a policy. Once you go out that door, I don't accept the second way to resolve the case. I always announce three ways to resolve the case: Trial by jury, deal with the State, open plea. Deal with the State goes out the door when you go out that door. And the reason is, I'm not doing it to be mean or anything like that -- the reason is, and I may have explained this to you before -- I don't like to waste anybody's time. I don't want to waste your time, but I also don't want to tell 150 citizens of Pasco County, hey, on Monday morning in this economy, I want you to take the day off from work and come in so that you can witness a plea. We don't do that. You come in for a trial.

So to that end, when you leave here today, you need to understand, you are going to have a trial. There is no other option. Well, the other option is plead open, but that's a bad plan. So, you are going to have a trial when you leave here this morning. You understand that, right?

Floyd proceeded to trial as scheduled and was convicted as charged.

At sentencing, defense counsel requested either a concurrent sentence of twenty years in prison followed by fifteen years of probation or a consecutive sentence of twelve or thirteen years. Defense counsel argued that the victims had agreed to have sex with Floyd before he pulled out a knife and Floyd did not hurt any of the victims.

The prosecutor requested a consecutive life sentence. He characterized Floyd as a serial rapist and a danger to the community. He also mentioned that Floyd was a seven-time convicted felon. The court sentenced Floyd to life in prison concurrent with his twenty-year sentence in the first case. The court did not explain its decision.

On appeal, Floyd argues that the concurrent life sentence was vindictive because the court increased it from the concurrent twenty-five-year sentence the State offered based on Floyd's decision to exercise his right to a trial. The question of whether the trial court imposed a vindictive sentence is a question of law that is reviewed de novo. Vardaman v. State, 63 So. 3d 925, 926 (Fla. 4th DCA 2011).

Appellate courts should consider the totality of the circumstances to determine whether a defendant's due process rights were violated by the trial court's imposition of a harsher sentence after unsuccessful plea discussions in which the trial court participated. Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003). One factor is "whether there is a 'reasonable likelihood' " the trial court imposed a harsher sentence in retaliation for the defendant's refusal to enter a plea and insistence on exercising his or her right to a trial. Id. (quoting Alabama v. Smith, 490 U.S. 794, 799 (1989)). The following additional factors may also be considered:

> (1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner;[1] (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence

---

[1]State v. Warner, 762 So. 2d 507 (Fla. 2000).

other than that the defendant exercised his or her right to a
trial or hearing.

Id. (footnote omitted).  A violation of factors (1) and (2) "alone may give rise to a presumption of judicial vindictiveness that would shift the burden to the State to produce affirmative evidence on the record to dispel the presumption."  Id.

As to the first factor, the State had already initiated plea negotiations prior to the pretrial hearing by offering Floyd twenty-five years concurrent with his first sentence.  It was not a violation of Warner for the court to ask counsel whether there had been a plea offer and to ensure that Floyd was aware of the offer.  See Wilson, 845 So. 2d at 156 n.9.

As to the second factor, the court may inform the defendant of the State's offer and explain his sentencing exposure.  See id.; see also Vondervor v. State, 847 So. 2d 610, 614 (Fla. 5th DCA 2003).  And the court may inform the defendant of his or her three choices:  (1) accept the plea deal, (2) enter an open plea, or (3) go to trial.  Pierre v. State, 114 So. 3d 319, 325-26 (Fla. 4th DCA 2013), review denied, 137 So. 3d 1021 (Fla. 2014).  However, the court must do so impartially and must not advocate for the State's plea offer.  Id.

At the beginning of the pretrial hearing, the trial court properly informed Floyd of the State's offer and discussed the possibility that his sentence could be imposed consecutive to the one in his first case.  However, the court urged Floyd to accept the offer by telling him his exposure was "pretty dramatic" and he might be able to "walk out of jail" if he accepted the offer.  The court indicated that it was unlikely to impose a concurrent sentence if Floyd were convicted following a trial.  Thus, Floyd's

sentence would likely turn on whether he went to trial. The court reiterated that walking out of jail was "an improbable proposition" if sentencing were posttrial.

The court brought up the matter again at the end of the hearing. While the court properly informed Floyd of his three options, the court also gave Floyd an ultimatum: he could accept the offer right then or the offer would go "out the door" with Floyd. The implication arising from the court's comments was that Floyd's sentence would hinge on accepting the State's offer or going to trial and that a harsher sentence would be imposed if Floyd went to trial and was convicted.

As to the third factor, there is a significant disparity between a twenty-five-year sentence and a life sentence. As the trial court noted, Floyd might be able to "walk out of" prison if he accepted the offer. As to the fourth factor, the trial court did not explain the reason for the increased sentence. While the State argued that Floyd was a serial rapist who was a danger to the community, the court was aware at the pretrial hearing that Floyd had been convicted of a similar sexual battery and accused of a third. And while Floyd did have seven prior felony convictions, they were for nonviolent third-degree felonies and contributed to a lowest permissible sentence of only 11.29 years. Thus, the record does not establish a reason for the harsher sentence that was imposed after Floyd rejected the plea offer and exercised his right to go to trial.

We conclude that the court's advocacy for the plea offer, suggestion that a posttrial sentence would be harsher, imposition of an increased sentence after Floyd rejected the offer, and failure to explain the reason for that sentence together gave rise to an unrebutted presumption of vindictiveness in violation of Floyd's due process rights. Accordingly, we must reverse and remand for resentencing before a different judge.

Affirmed in part, reversed in part, and remanded.

CRENSHAW and MORRIS, JJ., Concur.