DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD WALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3477

[June 15, 2016]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Usan, Judge; L.T. Case No. 13008068CF10A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING*

WARNER, J.

In his motion for rehearing, appellant contends that our opinion conflicts with *Wilson v. State*, 845 So. 2d 142 (Fla. 2003), and its progeny, because we concluded that the disparity of the sentence appellant received and the lowest permissible sentence that he could have received had he gone to trial was not significant. Instead, appellant claims that, based on *Wilson*, it is mandatory that we look only to the plea offer and the sentence ultimately received, and not consider the lowest permissible sentence under the Criminal Punishment Code or other applicable statutes. We disagree that we are afoul of *Wilson*.

In *Wilson*, the court considered the various factors necessary to determine whether a presumption of vindictiveness in sentencing has occurred:

The other factors that should be considered include *but are not limited* to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of *Warner*; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

*Id.* at 156 (emphasis added) (footnote omitted). Neither *Wilson* nor the other cases cited by appellant, including *Pierre v. State*, 114 So. 3d 319 (Fla. 4th DCA 2013); *Mounds v. State*, 849 So. 2d 1170, 1171 (Fla. 4th DCA 2003); and *Vardaman v. State*, 63 So. 3d 925, 926 (Fla. 4th DCA 2011), discuss the court's consideration of the lowest permissible sentence under the Criminal Punishment Code or other mandatory sentencing statutes which would apply at trial but which the State may waive in a plea agreement.

If the defendant rejects a plea and goes to trial, the trial court is required to sentence in accordance with the statutes. That would mean imposing the lowest permissible sentence based upon point total or mandatory minimums, if applicable. Such a sentence may be significantly in excess of a plea agreement, but it can hardly be considered vindictive where the trial court is required to impose it. In analyzing whether there is a disparity between a plea and the ultimate sentence, we should *include* what the minimum sentence upon conviction might be.

In this case, the State offered appellant a probationary sentence. The trial court informed appellant that if he were to be convicted, his sentence would be *at least* 22.5 months. Appellant proceeded to trial and was sentenced to thirty months in prison, followed by eighteen months of probation. If we were to measure only from the proposed plea agreement sentence of probation, then *any* sentence to prison would be substantially greater than the plea. Yet, the sentence in this case was hardly one so onerous that it would satisfy the third factor in *Wilson*. *See Wilson*, 845 So. 2d at 156.

The factors set forth in *Wilson* are helpful in determining whether, based upon the totality of circumstances, a presumption of vindictiveness

arises. They are not nearly as rigid as appellant would project them to be. In this case, his sentence was not so out of line as to suggest vindictiveness.

The motion for rehearing is denied.

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\*　　\*　　\*
