GROSS, J.
We reverse the circuit court’s denial of postconviction relief because trial counsel was ineffective for failing to object to a potentially vindictive sentence.[1] See Evans v. State, 979 So.2d 383 (Fla. 5th DCA 2008); Davis v. State, 860 So.2d 1058 (Fla. 5th DCA 2003). The life sentence imposed in this case — after the judge’s offer of a 10-year sentence — gave rise to a presumption of vindictiveness, which the state has not effectively rebutted.
Appellant’s first trial resulted in a hung jury and the circuit judge declared a mistrial. The judge initiated plea discussions after the mistrial and offered appellant a 10-year mandatory minimum sentence if he were to plead guilty. Defense counsel told the court that she advised appellant he faced life in prison and it was unlikely there would be another hung jury at a second trial. Appellant remained firm in his desire to have a trial. At this point, the judge addressed appellant:
I think what [defense counsel’s] trying to tell you is she thinks it would be in your best interest to plead the case out to the ten year minimum mandatory with the risks that you have of this case going to trial.
Appellant was found guilty after the second trial. At sentencing, defense counsel urged the court to impose the 10-year mandatory minimum while the state pushed for a life sentence.
The judge sentenced appellant to life in prison.
The totality of the circumstances in this case give rise to a presumption of judicial vindictiveness. See Wilson v. State, 845 So.2d 142, 156-57 (Fla.2003); Vardaman v. State, 63 So.3d 925, 927-28 (Fla. 4th DCA 2011). The trial judge initiated the plea discussions. At the time she offered the mandatory minimum, she had already presided over a full trial, so she was more cognizant of the facts of the case than a judge whose exposure to a defendant is limited to a plea conference or a probable *499 cause affidavit. The judge reinforced counsel’s advice regarding the favorable deal on the table. There was a great disparity between the 10-year plea offer and the ultimate sentence of life. See Vardaman, 63 So.3d at 929 (focusing on disparity between a “roughly eight years” offer and a 30-year sentence); Simplice v. State, 134 So.3d 555, 556-57 (Fla. 5th DCA 2014) (finding significant the difference between a 15.25 year offer and a 40-year sentence).
The two factors mentioned by the judge at sentencing — that the defendant was malingering and the effect of the crime on the victim — do not justify the life sentence. At least in part, these factors were evident at the first trial or are inherent in the crime charged. See Cambridge v. State, 884 So.2d 535, 538 (Fla. 2d DCA 2004) (observing that record contained “no explanation of the grounds for the sentence other than the nature of the crime committed, which generally was known to the court prior to the trial”). The record contains no facts that sufficiently “explain the reason for the increased sentence other than that the defendant exercised his ... right to a trial.” Wilson, 845 So.2d at 156.
We reverse and remand the case for resentencing before a different judge. See id. at 159; Vardaman, 63 So.3d at 929; Evans, 979 So.2d at 386.
MAY and FORST, JJ., concur.

. We note that the circuit judge who imposed the sentence was Cynthia Imperato, not the judge who denied postconviction relief.