371 So.2d 148 (1979)
Ralph John GALLUCCI, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1213.
District Court of Appeal of Florida, Fourth District.
March 21, 1979.
Rehearing Denied May 2, 1979.
*149 John L. Sutton, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, John D. Cecilian and Benedict P. Kuehne, Asst. Attys. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal from a judgment of conviction and sentence for receiving stolen property after a jury trial. Appellant has raised some fifteen issues on appeal, only one of which we believe has merit.
At the sentencing hearing, appellant's counsel called the trial court's attention to certain remarks of the prosecutor contained in the presentence investigation report which suggested that the appellant be sentenced to the maximum jail term because he had rejected a negotiated plea involving a one year jail term prior to trial. The prosecutor urged that once appellant had his jury trial: "He should not get a better deal from the judge, since he was found guilty." Appellant's counsel termed the prosecutor's remarks "vindictive" and urged the court to place appellant on probation. The court denied the request for probation and in the course thereof made the following remarks:
THE COURT: I am a little concerned that defense counsel argues to the Court that after a person has gone to trial that now he's got to  the Court has got to be vindictive and sentence him to prison, as opposed to giving him probation.
Now it is true that the defendant has got to face the music once he goes to trial, because that's a sort of a necessity to prevent everybody from going to trial and then being placed on probation if they get convicted, or walking out the door scott free if they are not convicted.
There is some truth to the argument. On the other hand, I think that the proper way to look at the matter is that when a defendant is charged with a crime and is offered some negotiations by the State's attorney, that is admitting his guilt or pleading no contest to the charge, is a rehabilitative factor that the Court takes into consideration in making a determination of what the punishment should be.
So then the only other thing is that, since we have got some rehabilitation, what deterrent should be placed before the public as a basis for causing other people not to commit the same type of crime. I don't think that there is any need for a judge, if a person can go to trial and then come in and then expect to go on probation as a result of being convicted by a jury, because we are going to try every single case that comes down the pike, if that is the way it is.

*150 And if the appellate court doesn't like what I am saying, they can very well reverse me, but it is not my intention to try a case and then have the defendant come in and expect to be placed on probation, unless it is very, very odd and weird circumstances. You can call it punishment for going to trial, if you want to. I don't look at it that way. (Emphasis added)
Sentencing is perhaps the most difficult of all of the trial court's duties. For many reasons, not the least of which is a recognition that a sentencing judge is in a unique position to decide what sentence is appropriate to a particular case, a sentence imposed within the bounds established by statute is not subject to appellate review. The sentence imposed herein is well within those bounds. However, a trial court may not impose a greater sentence on a defendant because such defendant avails himself of his constitutional right to a trial by jury. Hankerson v. State, 326 So.2d 200 (Fla. 4th DCA 1976)[1]; Weatherington v. State, 262 So.2d 724 (Fla. 3d DCA 1972). It is true that in considering a sentence for a defendant who has pleaded guilty a trial court may consider the plea itself as a step toward rehabilitation. However, while it may seem entirely logical, it is not so easy to simply turn the coin over and conclude that a request for a trial is an indication that a defendant cannot be rehabilitated. Our system presumes innocence and rightfully holds in high esteem an individual's right to trial by jury. And such right may be exercised freely by an individual, without fear that the choice to go to trial will be held against him.
We are quite certain that the remarks of the trial judge here were not meant to imply that probation was being withheld because the appellant chose to go to trial. Rather we think his remarks were in response to a rather vigorous claim by appellant who virtually demanded probation while at the same time continuing to staunchly defend his innocence. The trial court, no doubt, felt it was rather presumptuous of the appellant to be insisting on his innocence, in view of the jury's verdict, and in addition, demanding probation.
However, in an abundance of caution and because all we have are the printed words of the court, we cannot overlook the court's own statement that after a jury trial probation will be denied "unless it is very, very odd and weird circumstances." On its face the statement implies that those that demand a trial will be treated differently than those that do not. Such different treatment is not permitted. Hankerson, supra. For these reasons we think it best that the appellant's sentence be vacated and that the appellant be resentenced by another judge to be assigned by the chief judge of the circuit.
Accordingly, the judgment of conviction is affirmed; and the sentence is vacated with directions for further proceedings in accordance with this opinion.
DAUKSCH, J., and SCHOONOVER, JACK R., Associate Judge, concur.
NOTES
[1] Interestingly, counsel for appellant in the trial court was the trial judge in the Hankerson case, supra.