408 So.2d 1083 (1982)
Tommy YESBICK, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1537.
District Court of Appeal of Florida, Fourth District.
January 20, 1982.
Rehearing Denied February 11, 1982.
*1084 Dennis M. Zitzer of Barnett, Glass & Berkson, Chicago, Ill., for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant Tommy Yesbick seeks review of a judgment adjudicating him guilty of possession of cocaine and possession of methequalone and sentencing him to two consecutive five-year terms in prison and a fine of $10,000.
The evidence reflects that the police executed a search warrant on a residence in Pompano Beach. After knocking on the door the officers entered the residence and found Gail Stadler, Thomas Capozzi, Gloria Jean Yesbick, and Tommy Yesbick inside. None of the four individuals had physical possession of any controlled substance, but various controlled substances were found in different locations in the house, some in plain view, some not. Gail Stadler testified that she and Tom Capozzi came to the duplex in which appellant lived to be shown cocaine which they were going to "front." They were shown cocaine by appellant, who told Stadler that it was cocaine, and she testified that neither she nor Capozzi had brought the cocaine with them. She related that appellant and Capozzi tested the cocaine with a "hot box" in the kitchen, and described appellant weighing the cocaine and putting approximately one ounce of it in a baggie. Appellant also gave her on consignment some quaalude tablets, which she and Capozzi were also going to front.
Detective Sergeant Andrew Grieco testified that two hot boxes were found in the duplex. Gail Stadler testified that there was another hot box in the house belonging to appellant which was not used apparently because it did not work.
Appellant poses six points for our consideration. We have fully considered all of them but will discuss only three.
On the date set for trial appellant moved for a continuance on the ground that his lawyer was involved in another case in New York. Appellant had already had at least three other continuances, and witnesses had been brought from out of state for the trial. Predictably, the trial judge was irritated by the conduct of appellant's counsel. After argument on the motion for continuance, which was granted, the State apprised the court that appellant had sent a message through a third party to Gail Stadler, a State witness, that she better not be available for trial. The trial court treated this information as a motion to revise appellant's *1085 bond and held a hearing after which appellant's bond was increased from $15,000 to $100,000. Thereafter, appellant filed a motion for disqualification of Judge Tyson with supporting affidavits. The grounds for disqualification were that the affiants had a well grounded fear that Judge Tyson was prejudiced against appellant. The ground for the alleged fear of prejudice was that the judge was prejudiced against appellant's counsel for his failure to appear on the trial date and the judge's action in increasing appellant's bond based on evidence of appellant's threats against a State witness. The trial judge found the motion was legally insufficient and we agree. The record does not justify the alleged fear of prejudice expressed in the affidavits. Nor do we believe the trial judge overstepped his bounds in commenting on the motion and affidavits. It is axiomatic that a trial judge may not pass upon the truth of the facts alleged nor adjudicate the question of disqualification. Bundy v. Rudd, 366 So.2d 440 (Fla. 1978); Management Corp. of America, Inc. v. Grossman, 396 So.2d 1169 (Fla. 3d DCA 1981). That rule was not violated here; the trial judge passed on the sufficiency of the motion for disqualification  he did not pass on its merits.
Appellant next questions the State's adduction of evidence that appellant had sold a controlled substance to State witness Stadler on a date other than the date of the arrest. Appellant contends that Stadler and her boy friend, Capozzi, came to appellant's home to sell drugs to appellant. The State's theory of the case was that Stadler and Capozzi came to appellant's home to buy drugs. In support of that theory Stadler testified that she and Capozzi had come to appellant's home to look at his stock of contraband because they were going to sell contraband for appellant. After viewing the merchandise, they bought none from appellant. Part of the contraband found by the police upon their search of the house were quaaludes in Capozzi's briefcase which Stadler said were part of the previous purchase from appellant.
Appellant contends the testimony regarding the previous purchase of quaaludes from him violates the rule in Williams v. State, 110 So.2d 654 (Fla. 1959). We disagree. Evidence which has a reasonable tendency to establish the crime charged is not inadmissible because it points to another crime committed by the defendant. The evidence of the other transaction is quite relevant in this case because it explains appellant's continuing relationship with Stadler and Capozzi and their reason for being at appellant's home. It also tends to corroborate Stadler's testimony that appellant was the seller and refutes appellant's theory of the case.
Finally, appellant suggests the sentence imposed on him demonstrates the trial judge penalized him for going to trial and thereby the judge abused his discretion in sentencing. Appellant points out that he was sentenced to ten years in prison, while his codefendants, who pleaded guilty, all received less severe punishment than did appellant. Capozzi was sentenced to only four years and three months in prison and three years' probation with the last three years of the prison sentence stayed. Gloria Stevens Poma (Yesbick) was given five years' probation, and Stadler received two years' probation. On the basis of that disparity in the sanctions imposed, appellant contends he was penalized for exercising his constitutional rights to a jury trial. Appellant relies upon such cases as Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979), and Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), reversed on other grounds, State v. Gillman, 390 So.2d 62 (Fla. 1980), for the proposition that the trial court may not impose a heavier sentence upon a defendant as a penalty for availing himself of his constitutional right to a trial by jury. However, those cases do not support appellant's contention vis-a-vis this case. In Gallucci and Gillman the trial judges made statements in the record which indicated that they might treat those who insisted on a trial differently than those who pleaded guilty. There are any number of reasons the trial judge may have found to justify the more severe sentence for appellant. He *1086 may have found appellant to be the prime mover here; and the evidence reflected that this was not appellant's first drug related crime.
Having thoroughly examined all of appellant's contentions, we fail to find any demonstration of reversible error.
AFFIRMED.
GLICKSTEIN, J., and PEARSON, DANIEL S., Associate Judge, concur.