458 So.2d 1155 (1984)
David Marshall BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. AV-83.
District Court of Appeal of Florida, First District.
November 6, 1984.
Rehearing Denied December 11, 1984.
Michael Allen, Public Defender; and Charlene V. Edwards, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Berry appeals his conviction of burglary and the resulting judgment and sentence of 15 years. We affirm the conviction but reverse the sentence and remand for resentencing.
Although it is contended that the trial court erred in at least six respects, *1156 only three of the alleged errors warrant discussion. Berry's first contention is that the trial court erred in denying his motion to dismiss on double jeopardy grounds. His first trial on the burglary charge ended in a mistrial. The second trial for burglary resulted in the conviction and sentence appealed. Berry contends that he was entitled to a judgment of acquittal in the first trial and that his second trial violated the double jeopardy clause. It might appear that a second trial would violate the double jeopardy clause if evidence sufficient to convict was not presented at the first trial. However, the Supreme Court of the United States in the very recent case of Richardson v. United States, ___ U.S. ___, 104 S.Ct. 3081, 82 L.Ed.2d 212 (1984), held that the protection of the double jeopardy clause by its terms applies only if there has been some event, such as an acquittal, that terminates the original jeopardy. Neither the failure of a jury to reach a verdict nor a trial court's declaration of a mistrial following a hung jury is an event that terminates the original jeopardy.
It is also contended that the application at Berry's trial of our Supreme Court's new interpretation of the burglary statute in State v. Waters, 436 So.2d 66 (Fla. 1983) violated his right of protection from ex post facto laws. Although an unforeseeable judicial enlargement of a criminal statute, applied retroactively, can be a violation of the ex post facto clause of the Constitution, the Waters decision was not an unforeseeable enlargement of the burglary statute. In our view the Waters decision merely permitted the state to allege a violation of the burglary statute in the language of § 810.07, Fla. Stat. without alleging an intent to commit a specific crime, saying that statute set out only three factual elements: entry, stealth, and lack of consent. The court held that proof of these facts would be prima facie evidence of entering with intent to commit an offense and would be sufficient to allow a case to go to the jury and to support a verdict. While some may not agree with the court's decision in Waters and may believe that it could result in some abuse by overzealous prosecutors, it is the law and is controlling here.
Berry further contends that the trial court erred in sentencing him by considering his prior arrests not leading to convictions. The transcript of the sentencing hearing reflects that the trial judge had presided at Berry's previous trials which resulted in acquittals but that the trial judge was of the opinion that the juries were incorrect in their verdicts and that Berry was actually guilty of the prior offenses. The trial judge clearly appears to have taken into consideration his opinion as to Berry's guilt on the prior charges when he imposed the sentence in this case. Therefore, the judge impermissibly considered prior arrests not leading to convictions as evidence of guilt. Crosby v. State, 429 So.2d 421 (Fla. 1st DCA 1983).
In order to preclude any perception on Berry's part that the resentencing may not be conducted in a completely fair and impartial manner, we think it best that he be resentenced by another judge to be assigned by the Chief Judge of the Circuit. Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979).
Accordingly, appellant's judgment of conviction is affirmed but his sentence is vacated and the case is remanded for further proceedings consistent with this opinion.
ERVIN, C.J., and MILLS, J., concur.