COPE, Judge.
Mark Allen Pruitt petitions for a writ of certiorari to review a decision of the circuit court sitting in its appellate capacity. We grant the petition.
After jury trial in county court, defendant Pruitt was found guilty of reckless driving, and not guilty of battery, in a traffic altercation. Although defendant is a reserve police officer with no criminal record and no traffic violations in the previous ten years, and although the reckless driving involved no accident, no injuries, and no driving under the influence, the county court sentenced the defendant to ninety days incarceration. On appeal to the circuit court, a circuit court panel affirmed by two-one vote. Defendant *630 has petitioned for a writ of certiorari to review the circuit court decision.
A defendant is entitled to a new sentencing hearing if it appears that the trial court’s sentencing decision was influenced by an impermissible consideration. Cavallaro v. State, 647 So.2d 1006, 1006-07 (Fla. 3d DCA 1994). In the record of pretrial proceedings, the county court expressed some unhappiness at the fact that a jury trial had been requested in this ease. Ultimately the case proceeded to a two-day jury trial. The claim was that the defendant was speeding and changing lanes rapidly, in a manner that was hazardous to other drivers. However, there was no accident, no injuries, and no suggestion that the defendant was under the influence of alcohol or any illegal substances. Upon conviction of the reckless (hiving charge, defendant was sentenced to ninety days incarceration, which is the legal maximum for that offense. § 316.192(2)(a), Fla. Stat. (1991).
We think it is generally accepted that for first offenders, non-ineareerative sanctions should be imposed unless the severity of the offense dictates otherwise. If there is a reason for treating this defendant differently, it is not apparent from the record.
“[A] trial court may not impose a greater sentence on a defendant because such defendant avails himself of his constitutional right to a trial by jury.” Gallucci v. State, 371 So.2d 148, 150 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1194 (Fla.1980) (citations omitted). In view of the trial court’s comments about the fact that a jury trial had been demanded, we conclude in an abundance of caution that there should be a new sentencing hearing before a different judge.
Accordingly the petition for writ of certio-rari is granted. The circuit court order of affirmance is quashed, and the cause remanded for further proceedings consistent herewith.
Certiorari granted.
GODERICH, J., concurs.