PER CURIAM.
We affirm appellant’s conviction and sentence as an habitual felony offender. We reject his claim that the trial court’s imposition of the maximum habitual offender term was the result of judicial vindictiveness for appellant’s failure to accept a prior plea bargain. From our reading of the transcript, no plea bargain was in fact offered. However, even if it was, we find no judicial vindictiveness. Batista v. State, 685 So.2d 20 (Fla. 3d DCA 1996); see also Frazier v. State, 467 So.2d 447, 450-51 (Fla. 3d DCA), rev. dismissed, 475 So.2d 694 (Fla.1985).
With respect to appellant’s contention that the trial court erred in sentencing appellant as an habitual offender on the evidence presented by the state, we agree with the state that the appellant did not properly preserve this issue by objecting to the introduction of this evidence on the grounds asserted on appeal.
AFFIRMED.
WARNER, KLEIN and SHAHOOD, JJ., concur.