HARRIS, Judge.
Willard was charged with violating his probation after a previous conviction of aggravated battery with a deadly weapon. The judge found Willard guilty of the violation and in response to Willard’s attorney’s request for a bottom of the guidelines sentence stated:
Bottom guidelines is for people who agree to plead guilty and admit to what they did. Mr. Willard insisted on having a trial.
It goes almost without saying that a judge may not impose a greater sentence on a defendant because such defendant avails himself of his constitutional right to trial. See Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1194 (Fla.1980). Perhaps the court was thinking about remorse as justifying a lower sentence but requesting a trial does not necessarily equate with a lack of remorse. In any event, Willard deserved the same consideration for bottom of the guidelines sentence as he would have received had he entered a plea. Further, the State admits problems with the guideline scoresheet in this ease and, in remanding for resentencing before a different judge,[1] we direct that a new scoresheet be prepared.
REVERSED and REMANDED for re-sentencing.
W. SHARP and ANTOON, JJ., concur.

. Willard requests a new sentencing judge relying on Pruitt v. State, 682 So.2d 629 (Fla. 3d DCA 1996). We agree with the Third District that under circumstances such as these, a different judge should handle the resentencing.