STRINGER, Judge.
The appellant, Jamie Mancha, challenges his violent career criminal sentences, alleging that the State failed to present sufficient evidence establishing that he qualifies as a violent career criminal, as defined in section 775.084, Florida Statutes (1995). After the Florida Supreme Court announced in State v. Thompson, 750 So.2d 643 (Fla.1999), that sentencing pursuant to section 775.084, as amended by chapter 95-182, Laws of Florida, is unconstitutional, both parties submitted supplemental briefs addressing whether Mancha’s sentences should be reversed on this basis.
Initially, we hold that the single subject rule challenge may be properly addressed in this case for the first time on appeal. See Heggs v. State, 759 So.2d 620, 624 (Fla.2000); Salters v. State, 758 So.2d 667, 669 n. 4 (Fla.2000).[1] Turning to the constitutional challenge, we hold that Mancha has standing to seek reversal of his sentences on this basis because the subject offenses occurred on October 31, 1996. See Salters, 758 So.2d at 671 (holding any defendant sentenced pursuant to 775.084, as amended by chapter 95-182, for an offense occurring between October 1, 1995, and May 24, 1997, has standing to assert the single subject rule challenge). Based on this determination, we do not address Mancha’s argument that the State failed to prove that he qualifies as a violent career criminal.
Accordingly, we reverse Mancha’s sentences and remand to the trial court for resentencing in accordance with the valid laws in effect on October 31,1996.
Reversed and remanded.
WHATLEY, A.C.J., and DAVIS, J., Concur.

. In the future, those defendants who have available the procedural mechanism of the recently amended rule 3.800(b), see Amendments to Florida Rules of Criminal Procedure 3.111(c) and 3.800 and Rules of Appellate Procedure 9.010(h), 9.140, and 9.600, 761 So.2d 1015 (Fla. 1999), must first raise the single subject rule challenge in the trial court. See Maddox v. State, 760 So.2d 89, 94 (Fla.2000).