773 So.2d 92 (2000)
Matthew Donald CAPRE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-502.
District Court of Appeal of Florida, Fifth District.
October 20, 2000.
Rehearing Denied December 19, 2000.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Capre asserts he received an improper vindictive sentence[1] of 42 months because he elected to go to trial rather than accept the state's pre-trial offer of a non-state prison sentence of 51 weeks in the county jail. He did not raise this issue below, nor did he avail himself of the remedy by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
Capre's trial took place in February of 2000, after the effective date of amended rule 3.800(b). See Maddox v. State, 760 So.2d 89 (Fla.2000); Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999). Under Maddox, sentencing errors occurring after the effective date of amended rule 3.800(b), even fundamental ones, are barred if not raised at trial or in post-trial proceedings pursuant to rule 3.800. See Mancha v. State, 768 So.2d 1178 1 (Fla. 2d DCA 2000).
Accordingly, appellant's appeal is dismissed.
APPEAL DISMISSED.
THOMPSON, C.J., and COBB, J., concur.
NOTES
[1] See, e.g., Willard v. State, 717 So.2d 631 (Fla. 5th DCA 1998) ("It goes almost without saying that a judge may not impose a greater sentence on a defendant because such defendant avails himself of his constitutional right to trial").