781 So.2d 512 (2001)
Odies WILLINGHAM II, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-972.
District Court of Appeal of Florida, Fifth District.
April 6, 2001.
*513 James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Willingham appeals his convictions and sentences for one count of possession with intent to sell or deliver,[1] and one count of possession of drug paraphernalia,[2] after a jury found him guilty of those charges. He argues on appeal that there was insufficient evidence adduced at trial to sustain his convictions and that the court's sentence of the statutory maximum (15 years in prison) for the felony offense was punitive. We affirm.
Willingham's arrest for these criminal offenses resulted after the execution of a search warrant for an apartment located in Daytona Beach, in May of 1999. Willingham argued, as part of his defense, that he was not a resident of the apartment and should not be charged with constructive possession of the scales found on a bureau in a bedroom of the apartment, or the narcotics found hidden in the same bedroom. At the time he was searched, shortly after entry of the police officers, a plastic baggie with a single rock of cocaine was found in his pants pocket and $330 in cash on his person.
At the close of the state's evidence, Willingham moved for a directed verdict on the ground that the evidence was insufficient to prove his constructive possession of the drug paraphernalia and drugs, and he renewed the motion at the close of his case. The trial judge reserved ruling on both motions but defense counsel failed to obtain a ruling on them. Thus, this issue was not preserved for appeal. See State v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991); Armstrong v. State, 642 So.2d 730 (Fla. 1994); Richardson v. State, 437 So.2d 1091 (Fla.1983).
In any event, had the issue been preserved, we believe there was sufficient evidence presented at trial to sustain Willingham's convictions. In order to sustain his conviction for possession with intent to sell, no particular amount of contraband is required to be proven by the statute. Here, a small amount was found in Willingham's possession, together with a large amount of cash.
*514 With regard to the scales found in the bedroom and the larger amount of contraband found secreted there, sufficient circumstantial evidence linked him to occupying that bedroom at the time of the search. When the police officers entered the apartment, they found Willingham barefoot and wearing only shorts. He directed the police officers to that bedroom to obtain shoes and a shirt for him to wear after his arrest. The officers took him to that bedroom to locate the clothing and the officers observed shoes and pants in the closet which apparently fit Willingham, and which he indicated belonged to him, as well as a shirt located in a bureau drawer on which the scales were located.
The trial court imposed a sentence which is lawful under the current criminal punishment code. See § 921.0016(1)(b), Fla. Stat.; Fla. R.Crim. P. 3.704(d)(25). Willingham's sentencing scoresheet totaled 45.5 points, which in turn resulted in a minimum permissible sentence of 13.1 months in prison. In order to depart downward from 13.1 months, the trial judge would have had to have provided written reasons in writing. § 921.0017(3). The state can appeal downward departure sentences. § 921.002(1)(h). For crimes committed after October 1998, there apparently is no longer an upward departure limitation or requirement of written reasons or right of a defendant to appeal same,[3] so long as the sentence is within the statutory maximum. In this case, Willingham's crimes were committed in May 1999, and he received the statutory maximum of fifteen years.
Thus, in order to challenge a sentence which is within the statutory maximum, it is now necessary for a defendant to argue vindictiveness. Willingham argues his sentence is vindictive on its face due to its length, his youth (21 years), his lack of a prior adult criminal record, and a complete absence of aggravating or enhancing factors on the scoresheet. However, as noted above, length of sentence alone is not a legally sufficient basis for a defendant to challenge a sentence. Granted that will probably lead to considerable disparities in lengths of sentences received by defendants across the state, from court to court. The wisdom of this course is for the Legislature, not the courts.
Willingham was unable to adduce any evidence of vindictiveness, as established by case law. In his case there were no plea negotiations or actions by the trial judge to force him to accept a plea offer. Nor was there evidence the sentence was imposed on Willingham (in part or in whole) by way of retribution for having exercised his right to have a jury trial. Compare McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999); Pruitt v. State, 682 So.2d 629 (Fla. 3d DCA 1996); Dombrowski v. State, 695 So.2d 470 (Fla. 4th DCA 1997).
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] § 893.13(1)(a)(1), Fla. Stat. (1999), a first degree felony. He had been charged with trafficking in cocaine, but was convicted of the lesser included offense.
[2] § 893.247(1), Fla. Stat. (1999), a first degree misdemeanor.
[3] §§ 921.002(1)(g), (h); 924.06, Fla. Stat.