PLEUS, J.
Wylie Vickery challenges the sentence he received pursuant to his conviction for lewd and lascivious assault. The sole issue *509 on appeal is whether the trial court erred by scoring 40 points for victim injury. The state correctly contends that the issue on appeal has not been preserved for review because Vickery failed to raise it below and failed to file a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b) before filing his initial brief. See Maddox v. State, 760 So.2d 89 (Fla.2000). Florida Rule of Appellate Procedure 9.140(d) requires a defendant to raise a sentencing error “at the time of sentencing” or “by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).” Id. at 97. In Capre v. State, 773 So.2d 92 (Fla. 5th DCA 2000), this court stated, “Under Maddox, sentencing errors occurring after the effective date of amended rule 3.800(b), even fundamental ones, are barred if not raised at trial or in post-trial proceedings pursuant to rule 3.800.” Id. at 92. We therefore affirm Vickery’s sentence.
AFFIRMED.
W. SHARP and PALMER, JJ„ concur.