ROBERTS, C.J.
Appellant, Anthony M. Wait, appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We affirm.
Appellant and a co-defendant were charged (under the principal theory) with making, possessing, throwing, or discharging of a destructive device, which carried a mandatory minimum sentence of ten years’ imprisonment, and with transporting a firebomb. The co-defendant went to trial first and was acquitted. After the former co-defendant was acquitted, he agreed to testify against Appellant. Right before Appellant’s trial began, Appellant rejected a favorable plea offer that would have adjudicated him guilty of a felony, required him to write a letter of apology to the victim, and would have placed him on two years of community control followed by three years of probation. Appellant proceeded to trial and was convicted of both crimes.
In Appellant’s motion for post-conviction relief, he argued that his trial counsel was ineffective for failing to properly advise him to accept the plea offer and about all *1084 of the pertinent matters, such as the principal theory, relevant to his case. He further argued that trial counsel’s failure to advise him about all of the pertinent matters denied him the ability to make an informed decision about whether or not he should accept the plea offer. The post-conviction court granted Appellant an evi-dentiary hearing and made extensive findings. On appeal, Appellant now argues that trial counsel was ineffective when she affirmatively advised him to reject a favorable plea based upon her unreasonable expectations of success at trial. Since Appellant did not amend his post-conviction relief motion below to say that trial counsel affirmatively advised him to reject the plea, the State was denied the opportunity to conclusively refute the inference that trial counsel conveyed her personal beliefs about Appellant’s case to Appellant. His rephrased argument on appeal invites a different analysis from the analysis provided by the post-conviction court and invites this Court to improperly dismiss the post-conviction court’s findings of credibility and reweigh the evidence. We decline to accept Appellant rephrased argument on appeal.
During the evidentiary hearing on Appellant’s post-conviction motion, Appellant’s trial counsel testified that she met with Appellant multiple times and went over the evidence against him including: the discovery she received from the State; Appellant’s entire interrogation with the law enforcement; the evidence from the former co-defendant’s trial; the applicable case law including the principal theory; and the former co-defendant’s deposition. Trial counsel testified that she gave Appellant a copy of his interrogation and they discussed Appellant’s incriminating statements. Trial counsel also testified that she believed Appellant understood the principal theory based upon his testimony at trial, which was he did not know about the former co-defendant’s intentions nor that there was a firebomb in the car. The post-conviction court found trial counsel’s testimony more credible than Appellant’s testimony with regards to the legal advice that she provided to Appellant and found Appellant understood the principal theory based upon his trial testimony. Trial counsel affirmatively testified that she never advised Appellant to reject the plea offer and had advised Appellant that it was a “good plea.” Appellant testified that trial counsel told him to reject the plea offer, but the post-conviction court did not find Appellant’s testimony credible. Trial counsel testified that she left the decision up to Appellant about whether or not to accept the plea offer.
Because the evidence does not show that trial counsel actually advised Appellant to accept the plea, the post-conviction court had to determine whether or not trial counsel provided Appellant with enough information to allow him to make an informed decision about whether or not he should accept the plea. The inquiry must focus on what trial counsel conveyed to Appellant about his chance of an acquittal and not on what she believed. Trial counsel testified that she told Appellant that it was “possible for him to win” and he had a “chance,” but she also said she would not guarantee success. There is no credible record evidence, as suggested by the dissent, that trial counsel conveyed or displayed her confidence of obtaining an acquittal to Appellant.
In her assessment of Appellant’s chance of an acquittal at trial, trial counsel testified that Appellant’s case and the former co-defendant’s case possessed the same operative facts with two exceptions. Those two exceptions are the testimony of the former co-defendant and Appellant’s own inculpatory statements that he was talked into going along with the former co-defendant’s plan to throw the firebomb at the *1085 victim’s house and that he drove the former co-defendant to the house. Appellant admitted that trial counsel went over his statements to law enforcement and Appellant thought those statements could be harmful if that interrogation was played for the jury. Appellant also admitted that trial counsel went over the deposition of the former co-defendant with him. Appellant knew that the former co-defendant was going to testify against him and identify him as the person who threw the firebomb. Appellant admitted that trial counsel told him that his case would come down to credibility. The court found trial counsel’s assessment that it was “possible” for Appellant to be acquitted was not unreasonable based upon her perspective at the time Appellant rejected the plea offer. It also found trial counsel was not ineffective.
We review the post-conviction court’s factual findings for competent, substantial evidence and its legal conclusions de novo. See Stephens v. State, 748 So.2d 1028, 1033 (Fla. 1999). This Court will not substitute its judgment for that of the post-conviction court on questions of fact, the credibility of witnesses, or the weight given to the evidence. See Blanco v. State, 702 So.2d 1250, 1252 (Fla. 1997).
The framework for analyzing claims of ineffective assistance of counsel was articulated in Strickland v. Washington:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.
466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The post-conviction court is instructed to view trial counsel’s performance from her perspective at the time of the event in order to avoid the distorting effects of hindsight. Id at 689, 104 S.Ct. 2052.
The dissent is correct in stating that trial counsel had a duty to correctly advise Appellant about his chance at trial. There is nothing in the record, other than Appellant’s vacillating testimony during the post-conviction relief hearing that was found not to be credible, that shows trial counsel’s assessment of a chance of or a possibility of an acquittal was inaccurate. Actually, there is competent, substantial evidence to support the post-conviction court’s finding that trial counsel’s assessment that it was “possible” for Appellant to be acquitted at trial was not unreasonable. Trial counsel informed Appellant that his ease came down to credibility. Trial counsel was going to do her best to discredit the former co-defendant as he was high on pills, and inebriated at the time of the incident. During the former co-defendant’s deposition, he admitted that he initially lied to law enforcement about his presence at the scene of the crime and only told them that Appellant threw the firebomb after law enforcement confronted him with evidence that he was present. Additionally, the former co-defendant did not actually see Appellant throw the firebomb. Appellant told trial counsel that he had been coerced into giving law enforcement the statements that he provided during his interview, and she found him credible. If the jury had found Appellant’s testimony at trial more credible than the other evidence presented, this case would not be before this Court. *1086 Therefore, the dissent’s assertion that Appellant had no possibility of an acquittal is inaccurate. There is a distinct difference between the words “possible” or “chance” and “reasonable chance” as it is “possible” and one does have a “chance” to win the lottery, but one does not have a “reasonable possibility” to win the lottery. Trial counsel informed Appellant about" the things that must happen in order for Appellant to obtain an acquittal. Therefore, trial counsels advice was accurate.
Trial counsel’s conveyed assessment of a “possible” acquittal with the understanding that the jury would have to find Appellant’s .testimony at trial more credible than the other evidence, along with the explanation about how the case law applied to all the evidence, provided Appellant all the information required by the law to make an informed decision about whether or not he should accept the plea offer. The record reveals that Appellant was reluctant to accept the favorable plea offer because he would become a convicted felon by entering the plea. Trial counsel testified that Appellant told her he did not want to be a convicted felon over “burnt grass.” Appellant was also a nursing student who was close to finishing his bachelor’s degree and knew he would not be able to be a licensed nurse if he was a convicted felon. Knowing his fate was sealed if the jury did not find his trial testimony more credible than the other evidence, he still chose to take his case to trial. There is nothing in the record, as suggested by the dissent, to suggest that trial counsel did not make him aware of what he was facing if the jury found his testimony less credible than the other evidence other than Appellant’s vacillating testimony about what he and tidal counsel discussed. If this Court were to accept the statement that Appellant did not know what would happen if the jury did not believe his trial testimony, then that would mean Appellant did not know he was facing a minimum mandatory sentence of ten years in prison. The post-conviction court stated that trial counsel did not fail to advise Appellant of that fact, and Appellant did not raise that claim in his motion for post-conviction relief.
In retrospect, Appellant should have taken the plea, but this Court cannot look at the facts through the eyes of someone who did not obtain an acquittal. This Court can only view facts as they existed at the time Appellant rejected the plea offer and chose to go to trial. Appellant was provided the facts required by law to make an informed decision about whether or not he should have accepted the plea offer. Based upon the fact that Appellant knew his case came down to his credibility at trial, his former co-defendant was going to testify that Appellant was solely responsible for the crimes, and his own prior statements would be used against him, it is not likely that he would have accepted the plea offer had trial counsel advised him as suggested by the dissent. It is more likely that Appellant would have fired his trial counsel and sought new counsel who would have sought an acquittal rather than urge him to accept the plea.
Even if the post-conviction court had found trial counsel was ineffective, Appellant cannot show prejudice. Under Strickland, Appellant had to show that trial counsel’s performance was deficient and he was prejudiced by her performance in order to be entitled to relief. Id, at 687, 104 S.Ct. 2052. In order to show prejudice, a defendant must show that: (1) he would have accepted the plea offer had trial counsel advised him correctly; (2) the State would not have withdrawn the plea offer; (3) the trial court would have accepted the plea offer; and (4) the conviction or sentence or both would have been less severe under the plea offer than the defendant received under the judgment and sentence that were actually imposed. *1087 Cruz-Betanzos v. State, 169 So.8d 1236, 1237 (Fla. 1st DCA 2015). The post-conviction court found Appellant’s testimony that he would have accepted the plea offer unbelievable. The post-conviction court is the court that assesses credibility and assigns the weight of the evidence, and this Court cannot substitute its judgment for that of the post-conviction court. See Stephens, 748 So.2d at 1033. The dissent fails to acknowledge that the post-conviction court made a finding of fact that Appellant would not have accepted the plea offer, and that finding is supported by competent and substantial evidence. The post-conviction court’s finding is supported by its credibility finding that Appellant’s testimony was not believable that he would have accepted the plea and trial counsel’s testimony about her conversations with Appellant and his reluctance to become a convicted felon.
AFFIRMED.
WOLF, J., CONCURS; B.L. THOMAS, J., DISSENTS with opinion.