DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHANTERIA NICOLE LACEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-0202

[February 24, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562015CF002410A.

Carey Haughwout, Public Defender, and Claire Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessica L. Underwood, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals from a final judgment revoking her probation and sentencing her to twenty-eight months of imprisonment. She argues on appeal that the circuit court impermissibly considered her failure to pay restitution in determining whether to revoke her probation and the length of her term of incarceration. We agree and reverse.

In 2015, the defendant pled no contest to two second degree felonies. Pursuant to her negotiated plea agreement, the circuit court adjudicated her guilty on both counts and sentenced her to two concurrent five-year terms of probation. As a special condition of probation, the court ordered that the defendant pay restitution to the victim in the amount of $1,500.00. The order of probation also directed the defendant to pay court costs in the amount of $1,118.00. Neither the probation order nor the court's oral pronouncement of sentence specified that either of these amounts were to be paid by a date certain, nor was the defendant directed to make specified monthly payments toward these amounts.

Approximately three years into the defendant's probation, the State charged her with violating three of the standard probation conditions by: (a) failing to report to her probation officer as directed on a date certain; (b) failing to pay the court-ordered $40.00 per month, plus 4% surcharge, toward her supervision cost; and (c) changing her residence without first procuring her probation officer's consent.

Although the violation report prepared by the defendant's probation officer stated the defendant was delinquent in paying restitution and court costs, the State did not charge the defendant with violating those probation conditions.

Over a year later, the defendant was arrested on the charged violations. She entered an open plea of admission to the charged violations and again agreed she would pay restitution "as ordered."

During the brief sentencing hearing, the defendant asked for reinstatement of her probation as she strived for reunification with her seven children.

The State recommended revocation of the defendant's probation and imprisonment for a period of twenty-four months. The State argued the defendant was not "a good candidate for probation" because "she absconded for basically a year."

After hearing from defense counsel, the sentencing judge commented:

> All right. So she's on felony supervision for two not one—but two second-degree felonies punishable by up to thirty years in prison. She violates by not reporting, absconding from supervision.
>
> *But what is problematic to me* is that having been on probation since October 15th up until she absconded is—let's say in June 2018 or so—so she owed restitution in the amount of $1500. Her current balance is $1500; court costs $1,118; current balance $1,118; costs of supervision $2400. Now it's [$]2440. *She hasn't paid one cent towards restitution. Not a single penny.*
>
> I'm going to revoke and terminate her probation unsuccessfully. She's previously adjudicated guilty. I'm going to sentence her to 28 months in the Department of Corrections with credit for time served.

2

(emphasis added).

Although the sentencing judge's oral pronouncement emphasized the defendant's failure to pay restitution, the judge's written order revoking the defendant's probation referred only to the charged violations to which the defendant had pled.

The revocation of a criminal defendant's probation involves a two-step process by which the sentencing court first determines whether the defendant willfully and substantially violated her probation, and then whether probation should be revoked based on the violation. *Milanes v. State*, 296 So. 3d 933, 937 (Fla. 4th DCA 2020); *Harringon v. State*, 238 So. 3d 294, 298-99 (Fla. 4th DCA 2018). Because the defendant admitted through her plea that she violated her probation in the manner alleged in the affidavit of violation of probation, this appeal would normally require us to review only whether the sentencing court abused its discretion in revoking probation based on the admitted violations. However, the issue raised by the defendant and upon which we reverse presents a question of law subject to a de novo standard of review. *See Baehren v. State*, 234 So. 3d 799, 801 (Fla. 4th DCA 2018) ("Whether a trial court violates a defendant's due process rights by considering impermissible factors in sentencing is a question of law subject to de novo review.").

The State argues that the circuit court's consideration of the defendant's failure to pay restitution and court costs in determining whether to revoke her probation based on the admitted violations was appropriate pursuant to the statutorily delineated principles of the Criminal Punishment Code (CPC). *See generally* § 921.002(1)(b), (c), Fla. Stat. (2015). The State asserts that the court's consideration of these factors at sentencing were consistent with "[t]he primary purpose of sentencing" being "to punish the offender" with a penalty that "is commensurate with the severity of the primary offense and circumstances surrounding the primary offense." *Id.*

The State points to the violation report forming the basis for the charged violations in this case, which included the defendant's failure to make any payments towards her restitution and court costs, as providing the foundation for the circuit court's consideration of these factors surrounding the defendant's admitted probation violations. The State asserts that the court appropriately considered the defendant's failure to make any payments towards her restitution and court costs, along with her other admitted violations, in determining that she was not likely to be successful if reinstated to probation.

3

The State's argument, however, ignores that the defendant was not, at the time of sentencing on the admitted violations, delinquent in her obligations to pay restitution and court costs. Because the order placing her on probation did not state that either her restitution or court costs were to be paid in monthly installments or by a date certain, the defendant had until the end of her probationary terms to pay both of these monetary obligations. *See Herrera v. State*, 286 So. 3d 867, 872 (Fla. 2d DCA 2019) (determining that when a probationer had entire term of supervision to pay court costs, he "should not be found in violation of a condition of probation where that violation had not yet occurred"); *see also Willis v. State*, 727 So. 2d 952, 953 (Fla. 4th DCA 1998) (determining defendant had entire community control term to pay costs "because there was no time schedule for payment of the costs"); *Llumbet v. State*, 698 So. 2d 381, 383 (Fla. 4th DCA 1997) (determining defendant had entire community control term to pay restitution where supervision order did not "specify either a payment schedule or a time limit for payment"); *Antoine v. State*, 684 So. 2d 266, 267 (Fla. 4th DCA 1996) (determining defendant had entire community control term to pay court costs where neither written supervision order nor oral pronouncement of sentence specified "either a payment schedule or a time limit for paying costs").

Thus, we are persuaded the defendant has shown from the record that her sentence may have been influenced, in substantial part, by consideration of her failure to pay restitution to the victims, even though no schedule required her to pay restitution before her probation ended.

Because the court considered impermissible factors in sentencing, which is a violation of due process, we reverse and remand for resentencing before a different judge. This relief is consistent with precedent.[1] *See Baehren v. State*, 234 So. 3d 799 (Fla. 4th DCA 2018); *Guerra v. State*, 212 So. 3d 541 (Fla. 4th DCA 2017); *Seays v. State*, 789 So. 2d 1209 (Fla. 4th DCA 2001); *Yisrael v. State*, 65 So. 3d 1177 (Fla. 1st DCA 2011); *Mirutil v. State*, 30 So. 3d 588 (Fla. 3d DCA 2010); *Gray v.*

---

[1] *Wilson v. State*, 845 So. 2d 142 (Fla. 2003), cited by the dissent, does not limit the remedy of sentencing before a different judge to cases involving the presumption of vindictiveness. *Wilson* opted for that remedy in cases where judicial vindictiveness is presumed from a judge's participation in unsuccessful plea negotiations after which the defendant goes to trial and receives a much harsher sentence from the same judge. But the court never stated that the remedy was limited solely to such cases. And it appears that the court approved such a remedy in cases like this by approving *Yisrael*, *Mirutil*, and *Gray*.

4

*State*, 964 So. 2d 884 (Fla. 2d DCA 2007); *Berry v. State*, 458 So. 2d 1155 (Fla. 1st DCA 1984).[2]

The reason for resentencing before a different judge in such cases is succinctly stated in *Schwartzberg v. State*, 215 So. 3d 611, 616 (Fla. 4th DCA 2017), in which the State conceded error where the trial court impermissibly considered subsequent uncharged conduct in sentencing:

> We therefore reverse and remand for resentencing before a different judge "to preclude any perception on [appellant's] part that the resentencing may not be conducted in a completely fair and impartial manner." *Mirutil v. State*, 30 So. 3d 588, 591 (Fla. 3d DCA 2010) (quoting *Berry v. State*, 458 So. 2d 1155, 1156 (Fla. 1st DCA 1984)).

*Reversed and remanded for resentencing before a different judge.*

LEVINE, C.J., and WARNER, J., concur.
ARTAU, J., concurs in part and dissents in part with an opinion.

ARTAU, J., concurring in part and dissenting in part.

While I concur with reversing the sentence imposed upon defendant because of the error in considering the defendant's failure to pay restitution that was not yet due, I dissent in the majority's remand for the defendant to be resentenced before a different judge.

We have held "a revocation of probation on both proper and improper grounds" will be affirmed "when it is clear from the record that the trial court would have revoked the defendant's probation absent the improper grounds." *Crapps v. State*, 155 So. 3d 1242, 1247 (Fla. 4th DCA 2015) (citing *McDoughall v. State*, 133 So. 3d 1097, 1100 (Fla. 4th DCA 2014)). Conversely, "[w]hen we cannot determine whether the trial court would have revoked the defendant's probation based solely on the proper grounds, we must reverse and remand the matter to the trial court for reconsideration." *Id.*

---

[2] In *Norvil v. State*, 191 So. 3d 406 (Fla. 2016), the supreme court approved *Yisrael, Mirutil,* and *Gray,* in holding that a trial court may not consider subsequent arrests without convictions in sentencing, quashing this court's decision in *Norvil v. State*, 162 So. 3d 3 (Fla. 4th DCA 2014). We thereafter issued an order remanding to the circuit court for resentencing before a different judge, consistent with the remand instructions in *Yisrael, Mirutil,* and *Gray.*

5

Here, the sentencing judge seems to have placed greater emphasis on the defendant's failure to pay restitution as what he found "problematic" despite the defendant's other probation violations. Thus, under our holding in *Crapps*, I agree with the majority's reversal of the sentence imposed on defendant because we cannot determine without remanding whether the judge would have revoked her probation if he had limited his consideration to the probation conditions she was charged with violating—her failure to report to her probation officer and absconding from probation by changing her residence without first procuring her probation officer's consent. Nonetheless, I disagree with the majority's remedy of remanding for the defendant to be resentenced before a different judge.

While some opinions finding a sentencing error have directed resentencing before a different judge, "the cases directing this remedy offer little in the way of legal reasons for why it would be necessary in every case." *See Fernandez v. State*, 212 So. 3d 494, 497 n.1 (Fla. 2d DCA 2017) ("Unlike cases involving, for example, a trial judge's expression of negative views of the class of offenders to which a defendant belongs, or a trial judge's punishment of a defendant for maintaining his innocence and failing to show remorse, it is not obvious that a trial judge's consideration of a subsequent criminal charge—without more—should cause us to presume that the same judge would be unable to resentence the defendant fairly." (citations omitted)).

Indeed, the Florida Supreme Court has held that the remedy of resentencing before a different judge is limited to circumstances where there is an "unrebutted presumption of judicial vindictiveness." *Wilson v. State*, 845 So. 2d 142, 159 (Fla. 2003). In *Wilson*, our supreme court explained that "[t]he legal principle referred to as presumption of judicial vindictiveness has constitutional roots and developed through a line of United States Supreme Court decisions beginning with *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969)."[3] *Wilson*, 845 So. 2d at 148. However, our supreme court clarified that "the presumption does not apply unless there is a 'realistic likelihood of vindictiveness,' or, in other words, 'the opportunities for vindictiveness' [must] 'impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case.'" *Id.* (quoting *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S. Ct. 2098, 40 L.Ed.2d 628 (1974)). Thus, not every

---

[3] *See, e.g., Pearce*, 395 U.S. at 723-24 (concluding "it would be a flagrant violation" of due process for a sentencing court to vindictively punish a criminal defendant on resentencing for obtaining relief from his original sentence in subsequent judicial proceedings).

due process violation that results in a sentencing error "justifies the imposition of the prophylactic rule announced in *Pearce*." *Id.*

In adherence to *Wilson*, this court has held "[i]t is the defendant's burden to demonstrate vindictiveness." *Vardaman v. State*, 63 So. 3d 925, 927 (Fla. 4th DCA 2011) (citing *Mounds v. State*, 849 So. 2d 1170, 1171 (Fla. 4th DCA 2002)). "If the defendant meets this burden, a rebuttable presumption of vindictiveness arises, which the [S]tate must then rebut." *Id.* Moreover, *Vardaman* explained that we must apply the four-factor test adopted in *Wilson* to determine when there would be a "reasonable likelihood" of judicial vindictiveness justifying imposition of the prophylactic rule that would give rise to the remedy of resentencing before a different judge. *Id.* at 927-29.

The four-factor test requires us to consider:

> (1) whether the trial judge initiated the plea discussions with the defendant in violation of *Warner*[4];
>
> (2) whether the trial judge . . . departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial;
>
> (3) the disparity between the plea offer and the ultimate sentence imposed; and
>
> (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

*Id.* at 927 (quoting *Wilson*, 845 So. 2d at 156).

Since none of the considerations from the four-factor test adopted in *Wilson* are applicable here, the remedy employed by the majority cannot be justified simply because the State failed to oppose, challenge or rebut the inapplicable remedy requested by the defendant in this appeal. *See Perry v. State*, 808 So. 2d 268, 268 (Fla. 1st DCA 2002) ("[I]t is the practice of Florida appellate courts not to accept erroneous concessions by the [S]tate."). By merely requesting an inapplicable remedy, the defendant did

---

[4] In *State v. Warner*, 762 So. 2d 507, 513 (Fla. 2000), our supreme court clarified the extent of permissible judicial participation in the plea-bargaining process.

not shift the burden to the State. There was nothing for the State to oppose, challenge or rebut as the defendant never demonstrated anything that would give rise to a rebuttable presumption of judicial vindictiveness. *See Vardaman*, 63 So. 3d at 927 (for a rebuttable presumption of judicial vindictiveness to arise, the defendant must meet his or her burden before the State has any obligation to rebut the presumption).

The majority relies on dicta from *Schwartzberg v. State*, 215 So. 3d 611, 616 (Fla. 4th DCA 2017), and *Mirutil v. State*, 30 So. 3d 588, 591 (Fla. 3d DCA 2010), which simply quote the reason given in *Berry v. State*, 458 So. 2d 1155, 1156 (Fla. 1st DCA 1984)—a pre-*Wilson* case—for why that court held the defendant should be resentenced by another judge:

> In order to preclude any perception on Berry's part that the resentencing may not be conducted in a completely fair and impartial manner, we think it best that he be resentenced by another judge to be assigned by the Chief Judge of the Circuit.

*Id.* (citing *Gallucci v. State*, 371 So. 2d 148 (Fla. 4th DCA 1979)).

*Berry* was determined on grounds that would have met *Wilson*'s four-factor test if it had been decided after *Wilson*. In *Berry*, "[t]he transcript of the sentencing hearing reflect[ed] that the trial judge had presided at Berry's previous trials which resulted in acquittals but that the trial judge was of the opinion that the juries were incorrect in their verdicts and that Berry was actually guilty of the prior offenses." *Id.* Applying *Wilson*'s four-factor test, the judge in *Berry* departed from the role as an impartial arbiter by second-guessing the jury's acquittals and punishing the defendant for having successfully taken his other cases to trial, justifying imposition of *Wilson*'s prophylactic rule requiring the remedy of resentencing before a different judge.

*Berry* relied upon *Galucci*—another pre-*Wilson* case. *Id.* *Galucci* was also determined on grounds that would have met *Wilson*'s four-factor test if it had been decided after *Wilson*. The sentencing judge in *Galucci* went so far as to pronounce at sentencing that if somebody choose to take their case to trial, rather than take a plea, they should not expect to be placed on probation. *Galucci*, 371 So. 2d at 149-50. The judge in *Galucci* boldly proclaimed:

> I don't think that there is any need for a judge, if a person can go to trial and then come in and then expect to go on probation as a result of being convicted by a jury, because we are going to try every single case that comes down the pike, if that is the

way it is. And if the appellate court doesn't like what I am saying, they can very well reverse me, but *it is not my intention to try a case and then have the defendant come in and expect to be placed on probation . . . . You can call it punishment for going to trial, if you want to. I don't look at it that way.*

*Id.* (emphasis added). Applying *Wilson*'s four-factor test, the judge in *Galucci* departed from his role as an impartial arbiter by pre-judging the appropriate sentence before considering the defendant's history and other potential mitigating circumstances. The Defendant in *Galucci* met his burden of demonstrating an unrebutted presumption of judicial vindictiveness by challenging the judge's pre-disposition to punish the defendant for going to trial when the judge categorically pronounced during the defendant's sentencing hearing that anyone who takes a case to trial before him should not expect anything less than incarceration except in very limited circumstances. Undoubtedly, the unrebutted presumption of judicial vindictiveness from the judge's categorical pronouncement justified imposition of *Wilson*'s prophylactic rule requiring the remedy of resentencing before a different judge.

Unlike *Berry* and *Galucci,* nothing in this record could reasonably cause us to presume that the same judge would be unable to resentence the defendant fairly. While the sentencing judge may have misunderstood the nature of the probation violation the defendant admitted to violating in her plea, he was not involved in the plea discussions. He did not urge the defendant to accept any particular plea, or punish her for going to trial after refusing to accept a particular plea, nor did he punish her for any other reason justifying the prophylactic rule set forth in *Wilson* and *Vardaman.* Simply put, the defendant has failed to meet her burden to demonstrate a rebuttable presumption of judicial vindictiveness.

The majority also cites to *Norvil v. State*, 191 So. 3d 406 (Fla. 2016), where our supreme court approved *Mirutil* and other similar opinions on different grounds, to argue *Norvil* elucidates an intention by our supreme court to generally approve the use of *Wilson*'s prophylactic rule without adhering to its four-factor test. But *Norvil* does not discuss *Wilson*'s four-factor test, nor does it mandate or even suggest application of the prophylactic rule invoking the remedy of resentencing before a different judge in those cases. *Id.* at 407-10. The only thing *Norvil* approved was the holding in those cases establishing a bright-line rule prohibiting a trial court from considering subsequent arrests without convictions when sentencing a defendant for a primary offense. *Id.* Thus, *Norvil* did not recede from or modify the requirements of *Wilson*'s four-factor test to

justify imposition of the prophylactic rule before invoking the remedy of resentencing before a different judge. *Id.*

Accordingly, while I concur with the majority's reversal of the sentence imposed upon defendant, I respectfully dissent as to its remedy of resentencing before a different judge. Nothing in our controlling precedent gives rise to any presumption here of a reasonable likelihood of judicial vindictiveness to justify imposition of the prophylactic rule.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***