# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1771
Lower Tribunal No. F15-13519
_____

**Edwin Proano,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christine Hernandez, Judge.

Edwin Proano, in proper person.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before SCALES, C.J., and MILLER, and GOODEN, JJ.

MILLER, J.

Appellant, Edwin Proano, appeals from an order denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850(b) following an evidentiary hearing. Deferring to the trial court's credibility findings, as we must, noting that Proano's former counsel, a board-certified criminal defense attorney reasonably explained her tactical decision to forgo calling the responding officer as a witness, and finding that the trial court's finding as to the lack of a formal six-year plea offer is supported by competent, substantial evidence, we affirm. See Hurst v. State, 18 So. 3d 975, 996 (Fla. 2009) (ineffective assistance of counsel claims reviewed for competent and substantial evidence under Strickland[1]); Downs v. State, 453 So. 2d 1102, 1107–09 (Fla. 1984) ("Judicial scrutiny of counsel's performance must be highly deferential" and "even if . . . counsel's conduct . . . [was] unreasonable, we would also . . . [find] counsel's deficiencies did not prejudice [the defendant]."); Everett v. State, 54 So. 3d 464, 474 (Fla. 2010) ("[T]rial counsel's decision to not call certain witnesses to testify at trial can be reasonable trial strategy."); Cobb v. State, 394 So. 3d 1195, 1198 (Fla. 3d DCA 2024) ("[E]rroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." (quoting Lafler v. Cooper, 566 U.S. 156, 174 (2012))); see also Lawrence v. State, 969 So.

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

2d 294, 308 (Fla. 2007) ("[Appellant] has not demonstrated 'a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.'" (quoting Grosvenor v. State, 874 So. 2d 1176, 1179 (Fla. 2004))); Wait v. State, 212 So. 3d 1082, 1087 (Fla. 1st DCA 2017) ("Appellant would not have accepted the plea offer, and that finding is supported by competent and substantial evidence."); Dombrowski v. State, 695 So. 2d 470, 471 (Fla. 4th DCA 1997) ("From our reading of the transcript, no plea bargain was in fact offered.").

Affirmed.